

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DAVID HUTCHINSON,

                      Petitioner,

       - against -

D. UNGER, Superintendent, Clinton
Correctional Facility,

                      Respondent.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
10-CV-2385 (MKB)

BRODIE, United States District Judge:

      Petitioner David Hutchinson brings the above-captioned petition pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a judgment of conviction after a jury trial in New York Supreme Court, Richmond County, for assault on a police officer and two counts of assault in the second degree. Petitioner was sentenced to concurrent prison terms of nine years for the assault on a police officer conviction, and six years and five years respectively for the two second-degree assault convictions. Petitioner appealed his conviction to the New York Appellate Division, Second Department, raising two claims. First, Petitioner argued that the people presented insufficient evidence to prove that Petitioner had caused the level of physical injury necessary to two of the three assault charges and the verdict was against the weight of the evidence. Second, Petitioner claimed that his sentence was excessive. The Appellate Division rejected Petitioner's claims and affirmed his conviction. *People v. Hutchinson*, 870 N.Y.S.2d 365 (App. Div. 2008). The New York Court of Appeals denied leave to appeal. *People v. Hutchinson*, 879 N.Y.S.2d 61 (2009). Petitioner raises both claims in the instant petition. For the reasons set forth below, the petition is denied.

## I. Background

The evidence at trial showed that on May 13, 2005, Petitioner was arrested by Police Officer Adam Fiore ("Fiore") for criminal possession of marijuana and taken, in handcuffs behind his back, to the 120th Precinct of the New York City Police Department for processing at approximately 10:25 a.m. (Resp. Opp. 3; Pet. App. Br. 3-4.) As Petitioner and Fiore awaited entry to the arrest processing area, Petitioner, who the officers later learned had phencyclidine ("PCP"), a hullucinogen, in his system, became unruly, stomping his feet, shouting that he should not have been arrested and yelling obscenities. (Resp. Opp. 4; Pet. App. Br. 4.) Several officers working in central booking heard the disruption, including Officers Isabelle Nieves ("Nieves") and Michael Serras ("Serras") and Sergeant Victor Cava ("Cava") who instructed Petitioner to "calm down." *Id.* When it became evident that the directive was futile, Cava directed the officers to take Petitioner downstairs to the holding cell. *Id.* During that transition, which involved a vestibule and two flights of stairs and two landings, Petitioner continued to protest, shout and became increasingly violent including head butting, throwing elbows, shoulders and trying to kick people. (Resp. Opp. 5; Pet. App. Br. 4-5.) As officers Nieves, Fiore, Serras and Sergeant Cava tried to move Petitioner down the steps, the situation escalated and Petitioner kicked Cava in the head, tried to knock Nieves down the steps with his shoulders, and then, ultimately, Petitioner and the three officers slid down the stairs and crashed into a wall. (Resp. Opp. 6; Pet. App. Br. 5-6.) Cava, Serras and Nieves suffered injuries, Nieves most seriously, she sustained a permanent injury to her thumb. (Resp. Opp. 6; Pet. App. Br. 4.)

Nieves, Cava, Serras and Fiore, *inter alia*, testified for the prosecution; Petitioner presented no witnesses or evidence. Petitioner was convicted of assault on a police officer for

assaulting Officer Nieves, assault in the second degree for assaulting Officer Serras and assault in the second degree for assaulting Sergeant Cava.

Petitioner appealed his conviction and sentence and claimed that his sentence was excessive and the prosecution failed to prove Petitioner's guilt beyond a reasonable doubt, and the verdict was against the weight of the evidence. The Appellate Division rejected Petitioner's claims and affirmed his conviction. *People v. Hutchinson,* 870 N.Y.S.2d at 365-66. Regarding Petitioner's sufficiency of the evidence claim as to Officer Nieves, the Appellate Division held that:

> [v]iewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant caused serious physical injury to the police officer identified in count one of the indictment with the intent to prevent her from performing a legal duty. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence.

*Id.* (citations omitted). Regarding Petitioner's sufficiency of the evidence claim as to Cava, the Appellate Division concluded that the issue was not preserved (Petitioner's post-verdict motion did not preserve the claim), and it declined to review the issue in the exercise of its interest of justice jurisdiction. *Id.* at 366. Finally, it held that "the sentence imposed was not excessive." *Id.* The New York Court of Appeals denied leave to appeal. *People v. Hutchinson,* 879 N.Y.S.2d at 61. Petitioner has therefore exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1) ("An application for habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State.").

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For the purposes of federal habeas review, "clearly established law" is defined as "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule, but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412–13. In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The decision must be "objectively unreasonable." *Id.* In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Insufficient Evidence Claim

Petitioner argues that there was insufficient evidence to prove beyond a reasonable doubt that he caused the requisite serious physical injury to Officer Nieves and Sergeant Cava. Petitioner presented this argument to the Appellate Division, which found that the evidence as to Nieves was "legally sufficient to establish, beyond a reasonable doubt, that the defendant caused serious physical injury" and, as to Cava, that the issue was not preserved and declined to review the issue in the exercise of its interest of justice jurisdiction. *People v. Hutchinson*, 870 N.Y.S.2d at 365-66. Respondent argues that the claim as to Cava is procedurally barred and that the state court's finding as to the sufficiency of the evidence was neither contrary to nor an unreasonable application of clearly established Federal law. (Resp.'s Mem. Opp. at 18.) The Court agrees.

### 1. Procedural Bar to Claim Regarding Cava

Under New York law, in order to properly preserve a challenge to the legal insufficiency of the evidence, "a defendant must move for a trial order of dismissal, and the argument must be 'specifically directed' at the error being urged." *People v. Hawkins*, 872 N.Y.S.2d 395, 399 (2008) (quoting *People v. Cona*, 424 N.Y.S.2d 146, 148 n.2 (1979)). Petitioner did not move to dismiss the second-degree assault against Cava count;[1] he raised his claim of legal insufficiency

---

[1] Here, defense counsel did not move for a trial order of dismissal on the basis that Cava did not suffer physical injury. While defense counsel did move for dismissal at the close of trial on the basis of legal insufficiency, that motion dealt solely with Nieves; no mention was made as to Cava (Respondent's Memorandum, Exhibit #7, Transcript at 312-13). Since Petitioner raised no objection, he failed to preserve the issue for appellate review. *See People v. Dekle*, 452 N.Y.S.2d 568, 569 (1982); *People v. Gray*, 629 N.Y.S.2d 173, 175 (1995) (even where a motion to dismiss for insufficient evidence was made, the preservation requirement compels that the argument be "specifically directed" at the alleged error.").

Although Petitioner filed a post-trial motion to set aside the verdict on July 26, 2006, three months after trial, in which he argued that the prosecution had failed to prove that Cava was physically injured, *see* Appellate Brief for Petitioner at 11, raising such an argument for the

for the first time on his direct appeal. The Appellate Division found Petitioner's claim unpreserved pursuant to New York's contemporaneous objection rule, C.P.L.R. § 470.05, and declined to review it in the interest of justice. *People v. Hutchinson*, 870 N.Y.S.2d at 366.

Federal courts are generally not permitted to review questions of federal law presented in a habeas petition when the state court's decision rests upon a state law ground that "is independent of the federal question and adequate to support the judgment." *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state law ground is deemed "adequate" if the rule "is firmly established and regularly followed by the state in question." *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) (quoting *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999)). It is well-settled that New York's contemporaneous objection rule is an adequate and independent bar to federal habeas review. *Garcia*, 188 F.3d at 79 ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules."); *see also Williams v. Ercole*, No. 09 Civ. 363, 2011 WL 4944268, at *6 (E.D.N.Y. Oct. 12, 2011) (finding adequate and independent state law grounds where the petitioner failed to raise his legal insufficiency claim at trial); *Jones v. Marshall*, No. 08 Civ. 5793, 2011 WL 9386, at *9 (S.D.N.Y. Jan. 3, 2011) (same). Accordingly, Petitioner's legal insufficiency of the evidence claim as to Officer Cava is procedurally barred.

A federal court may review a claim that is procedurally barred by an independent and adequate state ground if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also*

---

first time in such a motion is not sufficient to preserve a claim for appellate review. *See People v. Padro*, 552 N.Y.S.2d 555 (1990); *People v. Sadler*, 853 N.Y.S.2d 374, 375 (2008).

6

*Cotto v. Herbert*, 331 F.3d 217, 239 n. 10 (2d Cir. 2003) ("[A] habeas petitioner may also bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, *i.e.*, that he is actually innocent of the crime for which he has been convicted.") (*quoting Dunham v. Travis*, 313 F.3d 724, 729 (2d Cir. 2002)). Petitioner has made no such showing. Therefore, the Court is procedurally barred from reviewing Petitioner's legal insufficiency claim as to the second-degree assault of Cava count of conviction.

### 2. Sufficiency of the Evidence-Serious Physical Injury to Nieves

The proper inquiry for reviewing a claim regarding the sufficiency of the evidence is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also Flowers v. Fisher*, 296 F. App'x 208, 210 (2d Cir. 2008). Thus, a petitioner challenging the sufficiency of the evidence of his guilt in a federal habeas corpus proceeding faces a "high bar." *Coleman v. Johnson*, 566 U.S. ---, 132 S. Ct. 2060 (2012). "[O]n habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.'" *Id.* at 2062 (quoting *Cavazos v. Smith*, 565 U.S. ---, 132 S. Ct. 2 (2011) *(per curiam)*. "Federal habeas courts are not free to reassess the facts specific credibility judgments by juries or to weigh conflicting testimony. On collateral review, [a federal habeas court] must presume that the jury resolved any questions of credibility in favor of the prosecution." *Vera v. Hanslmaier*, 928 F. Supp. 278, 284 (S.D.N.Y. 1996) (citations omitted). Moreover, the habeas court must apply this standard "with explicit reference

to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16; *see also Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999) ("A federal court must look to state law to determine the elements of the crime").

Petitioner was convicted of N.Y. Penal Law § 120.08, which provides, in relevant part, that:

> A person is guilty of assault on a peace officer, police officer, fireman or emergency medical services professional when, with intent to prevent a peace officer, police officer, a fireman, . . . from performing a lawful duty, *he causes serious physical injury* to such peace officer, police officer, fireman, paramedic or technician.

N.Y. Penal Law § 120.08 (emphasis added). Serious physical injury is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." N.Y. Penal Law § 10.00(10).

Petitioner's argument at trial and on appeal was that he did not cause "serious physical injury" to Nieves; rather her impairment was caused by a pre-existing condition and the method of treatment Nieves selected. Specifically, at trial, Petitioner argued in his motion to dismiss the assault on a police officer count that the prosecution witness's testimony showed that Nieves's condition, osteoarthritis, existed before the May 13, 2005 incident and that the surgery she had on her thumb was to remedy the osteoarthritis and was unrelated to Petitioner. (T. at 312-313.) On June 19, 2006, Petitioner filed a motion to set aside the verdict as to Nieves on the basis that the loss of function of Nieves's thumb "was a result of the officer's voluntary choice of treatment and not the result of any act of [Petitioner]." (*See* Appellate Brief for Petitioner at 11, citing June 19, 2006 C.P.L.R. § 330.30(1) motion, Supreme Court file at 5-6, 8-9.)

The medical evidence at trial established that Nieves's right thumb was injured on the day of the assault and she suffered swelling and variable, sometimes excruciating, pain. On May 23, 2005, ten days after the injury, she consulted a hand specialist, Dr. Mukund Patel, who diagnosed her as suffering from severe osteoarthritis (a degenerative joint disease that is associated with a breakdown of cartilage in the joints) of the right thumb metacarpal phalangeal joint, the one nearest the hand. (T. at 16, 47(Nieves), 286-87, 294-95 (Patel).) When the cast applied by Dr. Patel did not alleviate the pain, identified by Nieves as a seven on a scale of one to ten, and Nieves was unable to pick anything up, use a doorknob, brush her hair or teeth or cook with that hand, she underwent surgery in August 2005 during which Dr. Patel fused her thumb with a screw. (T. at 16-17, 290-91.) Nieves testified that the pain after the surgery was "unbearable." (T. at 17.) At the date of trial, about a year after the injury, Nieves was still unable to make a fist, hold a mug, pour milk or play sports. (T. at 18.) Dr. Patel testified that Nieves's thumb would never regain motion at the metacarpal phalangeal joint. (T. at 292.) Patel and Nieves acknowledged that Nieves had a pre-existing condition of osteoarthritis, but the condition had been exacerbated by the injury. (T. at 45-46, 295-96.) Nieves returned to work on light duty but at the time of trial she was on restricted duty because of the limited mobility of her right thumb, including the inability to fire a gun. (T. at 48, 91.)

Based on the testimony of Nieves and Patel, a rational jury could have concluded that Nieves injured her thumb due to defendant's resistance while being processed at the precinct, resulting in serious pain and surgery and causing the officer to be placed on limited and then restricted duty, and limitation of movement of her thumb a year later, provided the requisite "protracted impairment of health" or "protracted impairment of the function of a bodily organ," constituting a serious physical injury under N.Y. Penal Law §§ 10.00(10) and 120.08. *Horton v.*

9

*Ercole*, 557 F. Supp. 2d 308, 323 (N.D.N.Y. 2008) (Evidence that the victim "underwent extensive surgery, . . . remained in the hospital for two weeks, and had a scar from the pubic bone to the breast bone" was sufficient to establish serious physical injury under New York law); *People v. Rice*, 935 N.Y.S.2d 169, 170 (2011) (Testimony of doctor who reviewed the victim's medical records that a bullet fracturing a humerus could permanently affect the arm, and such limitation on the use of the arm would constitute protracted impairment of function of a bodily organ under N.Y. Penal Law § 10.00(10)), was legally sufficient to support the conviction); *People v. Khuong Dinh Pham*, 818 N.Y.S.2d 674, 678 (2006) (Physician's testimony that the victim sustained "significant damage to the musculature in both thighs" and that such an injury can cause permanent complications, including a limp, weakness, loss of stamina and pain, sufficiently established a protracted impairment of the victim's health); *People v. Graham*, 747 N.Y.S.2d 171 (2002) (Officer's fractured bone in his elbow due to defendant's resistance while being arrested, causing the officer to miss almost one month from work and to be placed on limited duty for another three weeks thereafter and some limitation of movement of his elbow some six months later provided the requisite protracted impairment of health and protracted impairment of the function of a bodily organ, constituting a serious physical injury under N.Y. Penal Law §§ 10.00(10) and 120.08).

The Court finds further support for the proposition that a rational trier of fact was free to conclude that Nieves's injuries were caused by the assault and resulted in the protracted impairment of health or the function of a bodily organ in two of the cases cited by the Appellate Division, Second Department, in Petitioner's case. *People v Kenward*, 699 N.Y.S.2d 35 (1999) (the testimony of the surgeon about the extent of the injuries and the complainant's testimony, including a demonstration of continued problems with his hand, established "protracted

10

impairment of health or protracted loss or impairment of the function of any bodily organ");
*People v Wright*, 633 N.Y.S.2d 833 (1995) (nerve damage to his right arm causing loss of sensitivity in his right hand was legally sufficient to establish the "protracted loss or impairment of the function of any bodily organ" under N.Y. Penal Law § 10.00(10)).

Under the standard enunciated in *Jackson v. Virginia*, namely whether — "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," — this Court finds the evidence taken together is legally sufficient and could have led a rational jury to conclude beyond a reasonable doubt that petitioner committed assault on a police officer which caused serious physical injury. Viewing the record in the light most favorable to the prosecution, and drawing all permissible inferences in the prosecution's favor, the evidence was sufficient. The Appellate Division applied this same standard and reached the same conclusion:

> Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant caused serious physical injury to the police officer identified in count one of the indictment with the intent to prevent her from performing a legal duty.

*People v. Hutchinson*, 870 N.Y.S.2d at 365-66 (citations omitted). The state court's decision was neither contrary to, nor involved an unreasonable application of, clearly established Federal law. Accordingly, Petitioner's sufficiency of the evidence claim is denied.

### c. Weight of the Evidence

To the extent Petitioner seeks to raise the claim that the verdict was against the weight of the evidence, his claim is denied. This is a state law claim, *see* N.Y. Crim. Proc. Law § 470.15(5), and thus is not cognizable in a federal habeas corpus proceeding. *See Lemons v. Parrott*, No. 01 Civ. 9366, 2002 WL 850028, at *3 (S.D.N.Y. May 2, 2002) ("[A federal court

has] no authority to review a weight of the evidence argument because it is a state law claim.");
*accord Jackson v. Heath*, No. 10 Civ. 3449, 2010 WL 3075557, at *12 (S.D.N.Y. Aug. 6, 2010).

### d. Excessive Sentence

Viewed purely as a matter of constitutional objection to excessiveness, it is well settled that a prison sentence cannot be found to violate the Eighth Amendment prohibition on cruel and unusual punishment by virtue of its length so long as it falls within the established statutory range covering the crime of conviction. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where ... the sentence is within the range prescribed by state law."); *Fielding v. LeFevre*, 548 F.2d 1102, 1108 (2d Cir. 1977); *Parnell v. Lape*, 791 F. Supp. 2d 319, 332 (E.D.N.Y., 2011); *Echevarria-Perez v. Burge*, 779 F. Supp. 2d 326, 337-38 (W.D.N.Y., 2011). Petitioner, having been convicted of assault on a police officer, a class C felony, N.Y. Penal Law § 120.08, and two counts of second-degree assault, N.Y. Penal Law § 120.05(3), a class D felony, was subject to a term "fixed by the court, ...not [to] exceed fifteen years" for the Class C felony, and a term "fixed by the court, ... not exceed seven years" for the Class C felonies. N.Y. Penal Law §§ 70.00(2)(c) and 70.00(2)(d). Petitioner, having been adjudicated as a second felony offender, was sentenced to nine years for his assault on a police officer conviction to run concurrently with five and six year terms for the two second-degree assault convictions. This sentence did not exceed what was permissible under New York's sentencing scheme. Accordingly, Petitioner's claim that the trial judge abused his discretion in imposing an allegedly harsh and excessive sentence should be dismissed because it fails to present a federal constitutional issue cognizable on habeas review. *See, e.g., White*, 969 F.2d at 1383 (holding that a state habeas petitioner who was sentenced within the limits of the

state law did not present a federal constitutional issue for § 2254 habeas purposes). Petitioner's excessive sentence claim is therefore denied.

III. **Conclusion**

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied, and the Court will not issue a Certificate of Appealability. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: July 23, 2012
       Brooklyn, NY

                                            S/Judge Brodie
                                            MARGO K. BRODIE
                                            United States District Judge